Brett A. Greenfield, SBN 217343
email: brett@818lawgroup.com
Falamak Abromson, SBN 234662
email: mak@818lawgroup.com
818 Law Group, LLP
21031 Ventura Blvd, Suite 1101
Woodland Hills, CA 91364-2254
Telephone:  (818) 724-7272
Facsimile:   (818) 806-4110

Donald G. Norris, SBN 90000
DONALD G. NORRIS, A LAW CORPORATION
600 Wilshire Blvd, Suite 890
Los Angeles, California 90017
email:  dnorris@norgallaw.com
Telephone: (213) 232-0855
Facsimile:  (213) 286-9499

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MARSEILLE, | Case no. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1. Unreasonable Seizure—Excessive Force [42 U.S.C. §1983]; |
| CITY OF LOS ANGELES; and DOES 1-10, inclusive | 2.  Negligence; and |
| Defendants. | 3.  Unconstitutional Municipal Customs, Practices and Policies; |
| | DEMAND FOR JURY TRIAL |

JURISDICTION AND VENUE

1.    This is a civil rights action arising from the shooting death of Plaintiff's beloved pet Labradoodle dog Jameson on June 13, 2026 in Los Angeles, California.

2.     This case arises under 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

-1-
COMPLAINT FOR DAMAGES

3. Venue is proper under 28 U.S.C. § 1391(b).

PARTIES

4. Plaintiff Marie Marseille ("Plaintiff") is an individual who lives in a multi-unit residential building with family in the Canoga Park neighborhood of the San Fernando Valley in the City of Los Angeles.

5. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant Doe 1 was and continues to be employed as a police officer of City of Los Angeles Police Department ("LAPD"), an official Department of Los Angeles City, acting under color of the law, statutes, ordinances, policies, practices, customs, and/or usages of the City, and/or otherwise within the course and scope of his duties as an employee, and with the complete authority of the City.

6. At all relevant times Defendants Does 2 through 10, inclusive were individuals who were employees and/or agents of LAPD, acting under color of the law, statutes, ordinances, policies, practices, customs, and/or usages of the City, and/or otherwise within the course and scope of their respective duties as employees, and with the complete authority and ratification, of defendant City. Said Defendants each are in some manner responsible for the injuries and damages complained of herein. The true names of Defendants Does 2 through 10, inclusive are presently unknown to Plaintiff who therefore sues each of these defendants by such fictitious name.

7. Upon ascertaining the true identity of a Doe defendant, Plaintiff will amend this complaint, or seek leave to do so, by inserting the true name in lieu of the fictitious name.

8. Each defendant promoted, ratified, and authorized or approved the wrongful conduct alleged herein of each of the other defendants, and acted in concert with each of the other defendants in doing the wrongful acts complained of herein, and/or promulgated policies and procedures pursuant to

which the unlawful conduct occurred, by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and/or maintain adequate supervision and/or training.

FACTS

9. On June 13, 2026, Plaintiff was in her apartment with her family celebrating the victory of the New York Knicks basketball team as National Basketball Association champions. Plaintiff's beloved Labradoodle Jameson was also in the family home wearing a Knicks jersey.

10. Well-established behavioral characteristics of Labradoodles include affectionate, energetic, intelligent, enthusiastic and eager.  For these and other reasons, Labradoodles have been part of Hollywood since the 1960s and are popular among celebrities, bureaucrats, and aristocrats such as Jennifer Aniston, Joe Biden, the Crown Prince and Princess of Norway, and Tiger Woods. Their barking tendency is considered to be moderate; they bark to attract attention and when stressed. Labradoodles are not considered dangerous or aggressive as to strangers, and Jameson was neither.

11. Excited by the Knicks victory, Plaintiff began to joyfully celebrate it, shouting, "Oh my god, oh my god, it's been a long time" or words along those lines.  On information and belief, hearing that excitement, a woman living in the vicinity misinterpreted it as distress and called 911 to report it.

12. LAPD Officer Defendant Doe 1 and a second LAPD officer whose identity is unknown to Plaintiff (hereinafter "Officer 2"), arrived at the scene, and Officer 2 knocked on Plaintiff's front door. No one was shouting or screaming at that point in time. Officer body worn camera footage shows that Plaintiff opened the door. The officers immediately saw that Plaintiff was calm and not distressed.  At that point in time the officers had no reason or lawful basis to detain or confront Plaintiff.

13.     Jameson was also at the front door barking. Officer 2 told Plaintiff to get Jameson inside the unit, which she promptly did. Plaintiff told the officers that Jameson "was not aggressive." Moreover, Jameson had not bitten anyone, had not charged the officers, or done anything that would have signaled an imminent threat of serious bodily harm.

14.     When Plaintiff again opened the door to speak to the officers, Jameson got through the door out into the hall, and moved in the direction of Defendant Doe 1, while barking. Defendant Doe 1 immediately fired multiple shots and killed Jameson in cold blood, without trying to calm Jameson down, or giving Plaintiff a chance to calm or quiet Jameson down. Jameson never barred his teeth, growled at either officer, or otherwise displayed any attempt whatsoever to attack Defendant Doe 1. The shooting by Defendant Doe 1 also recklessly threatened Plaintiff's safety.

15.     Defendant Doe 1's actions violated the LAPD's own policy contained in its Manual Section 1/556.10, which governs the use of force against animals. Under LAPD policy, officers are authorized to use force against an animal only when the animal poses an immediate threat of injury. The policy is consistent with the California Commission on Peace Officer Standards and Training (POST) guidelines on dog encounters, which emphasize that police officers must read canine body language to distinguish between "energetic" and "aggressive" behavior. An energetic dog — one that is excited, moving, barking —is not necessarily an aggressive dog, and the distinction matters under both LAPD policy and the constitutional standard.

16.     POST training materials specifically address the difference between a dog that is approaching an officer out of curiosity or territorial defense, and a dog that is preparing to attack. Body posture, tail position, ear position, vocalization, and movement pattern all provide information. An officer who has been trained to read these signals — and LAPD officers are

supposed to receive this training — is expected to apply that training before using lethal force. If he received it, Defendant Doe 1 did not apply that training.

<u>FIRST CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983</u>

<u>FOR UNLAWFUL SEIZURE</u>

(By Plaintiff Against Defendant Doe 1)

17. Plaintiff repeats and realleges and incorporates by reference each and every allegation in paragraphs 1 through 16, inclusive, of this Complaint as if fully set forth herein.

18. The use of the aforesaid force and shooting of Jameson was excessive and unreasonable, and deprived Plaintiff of her right against unreasonable seizures guaranteed her by the Fourth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, in violation of Title 42 U.S.C. § 1983.

19. As a direct result thereof the aforesaid acts and omissions of Defendants, and the fatal shooting of Jameson by Defendant Doe 1, Plaintiff has suffered the loss of her beloved dog Jameson, great mental injury, fear and emotional distress, trauma, pain, and shock to her nervous system, and was deprived of many years of the companionship, joy, affection and love that Jameson would have brought her had he not been killed. Plaintiff seeks damages for said injuries, according to proof.

20. The conduct of Defendant Officer Doe 1, as alleged above, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, warranting the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example.

//

//

//

-5-<br>COMPLAINT FOR DAMAGES

## SECOND CLAIM FOR RELIEF FOR NEGLIGENCE

(By Plaintiff Against Defendant Doe 1)

21.     Plaintiff repeats and realleges and hereby incorporate by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint as if set forth herein in full.

22.     Defendant Doe 1 was required to use appropriate tactics and reasonable care in his contact with Plaintiff and her dog and other appropriate and less lethal tactics than immediately discharging a firearm and shooting her dog. Defendant Doe 1 failed to use appropriate tactics or reasonable care in seizing and shooting Plaintiff's dog, by, among other things, failing to use other appropriate less lethal tactics than immediately discharging a firearm.

23.     The conduct of Defendant Doe 1 in that regard fell below the standard of care of reasonable persons in their profession as sworn police officers, such that Defendant Doe 1 was negligent in the performance of his police tactics and duties.

24.     As a direct, legal and proximate result of the aforesaid negligence of Defendant Doe 1, Plaintiff has suffered the injuries and damages alleged in paragraph 19.  Plaintiff seeks damages for said injuries, according to proof.

## THIRD CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 FOR UNCONSTITUTIONAL MUNICIPAL CUSTOMS, PRACTICES AND POLICIES

("*Monell* Claim")

(By Plaintiff Against Defendant City of Los Angeles)

25.     Plaintiff hereby repeats and realleges and each and every allegation contained in paragraphs 1 through 24 of this Complaint as if set forth herein in full.

26.     On information and belief, the Police Chief of Defendant City of Los Angeles, or other final policymaker who has final policymaking authority

concerning the acts of the individual defendants, ratified (or will ratify) said acts and the purported bases for them, with actual knowledge of or deliberate indifference to their unconstitutional nature.

27.   On information and belief, the Los Angeles Police Department failed to properly train, instruct, monitor, supervise, and discipline the individual defendants herein, including Defendant Doe 1, and/or other officers of defendants, in the proper use of deadly force when dealing with dogs.

28.   The aforementioned ratification of the individual defendants' actions, as well as the unconstitutional policies, practices and customs of Defendant City as alleged above, were a direct and moving cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983.

29.   As a direct result of the actions alleged herein, Plaintiff was damaged, as alleged above.

PRAYER

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as follows:

As to all Claims for Relief

1.   For compensatory, general, special and incidental damages, in a sum according to proof;

2.   As to the First Claim for Relief, for punitive and exemplary damages against Defendant Doe 1 in an amount sufficient to punish said defendant and make an example.

3.   For costs of suit incurred, including reasonable attorneys' fees.

4.   For such other and further relief as this Court deems just and proper.

Dated: July 2, 2026          818 LAW GROUP, LLP
                             DONALD G NORRIS, A LAW
                             CORPORATION

                             By /s/Brett A. Greenfield
                             Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff herewith demands a trial by jury on all Claims for Relief.

Dated: July 2, 2026          818 LAW GROUP, LLP
                             DONALD G. NORRIS, A LAW
                             CORPORATION

                             By /s/Brett A. Greenfield
                             Attorneys for Plaintiff